# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:                                                  Case No. 06-30641 DHW
                                                        Chapter 13
JEFFERY LEON COUCH,

    Debtor.

## ORDER DENYING DEBTOR'S MOTION
## FOR EXTENSION OF THE AUTOMATIC STAY

    Jeffery Leon Couch filed this chapter 13 case on June 5, 2006. On June 26, 2006, Couch filed a motion to extend the automatic stay. An evidentiary hearing to consider the motion was held on June 30, 2006 at 9:00 a.m. Present at the hearing was Gregory M. Pool, Couch's attorney. Couch did not appear at the hearing.

    A review of the court's records reveals that Couch has had a long history in bankruptcy. He filed a chapter 13 case on December 10, 2001, (Case No. 01-7832) which was dismissed less than one year later on November 7, 2002.

    Couch's next case was filed on October 8, 2003 (Case No. 03-33108). That case was converted to one under chapter 7 on July 5, 2005.

    Couch's third chapter 13 case in this court was filed on December 2, 2005, (Case No. 05-34232) but it was dismissed just over a month later on January 17, 2006.

    Couch's fourth chapter 13 case was filed on April 3, 2006 (Case No. 06-30334). That case was dismissed on April 13, 2006.

    Again, Couch's current case was filed on June 5, 2006. Therefore, excluding the current case, Couch has had three prior bankruptcy cases pending in this court within the year before the

filing of the current case, two of which were dismissed.

Although Couch's motion seeks an extension of the stay, the stay has never arisen in this case. The statute provides that the stay does not go into effect if the debtor has had two or more cases dismissed within the year prior to filing the current case. *See* 11 U.S.C. § 362 (c)(4)(A)(i).

Nevertheless, the court, on request of a party and after notice and hearing, may order the imposition of the stay if it finds that the current case was filed in good faith. However, there is a presumption that the current case was filed in bad faith, and it is the debtor's burden to meet or overcome that presumption with clear and convincing evidence to the contrary. *See* 11 U.S.C. § 362 (c)(4)(B),(C),and (D).

As noted, Couch did not attend the evidentiary hearing and did not offer any evidence of his good faith. Such evidence is required in order to meet the presumption of bad faith. Further, there is no evidence that any of the creditors were given notice of the hearing on the debtor's motion. Accordingly, it is

ORDERED that the debtor's motion for the extension (treated as a motion for the imposition) of the automatic stay is DENIED.

Done this the 30th day of June, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Jeffery Leon Couch, debtor
Gregory M. Pool, debtor's attorney
Curtis C. Reding, trustee
All creditors